IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | Criminal No: 4:21-cr-00173-SAL |
| vs. | |
| **CHARLES JOSEPH SPILLANE** | **SENTENCING MEMORANDUM** |

On December 9, 2021, Defendant Charles Joseph Spillane pled guilty to transferring obscene materials. Although he was initially charged in a conspiracy to produce child pornography, the Government allowed Spillane to plead to transferring obscene material. The specific obscene materials at issue were video recordings of Spillane having sexual intercourse with Minor Victim 1, which he agreed to produce in exchange for the ability to have sex with Minor Victim 1. The United States submits this memorandum in response to Spillane's objections to the Guidelines range and in support of a sentence of the statutory maximum of five years' incarceration regardless of the applicable Guidelines range. Such a sentence is warranted for the reprehensible conduct here, among other reasons, to reflect the seriousness of the offense and to adequately deter criminal conduct by this defendant and others like him.

**I.   BACKGROUND.[1]**

This case initially began from the Arizona home office of co-Defendant Hart Grow, who was part of a group of men who sexually exploited and trafficked Minor Victim 1. The operation, while deeply atrocious and far-reaching, was relatively simple. Minor Victim 1 was just about to turn 16 years old when Grow, posing online as a 17-year-old girl named Hannah, found her on a

---

[1] The PSR in this case lays out the facts in some detail, and the Government agrees with those factual summaries. Thus, for the purpose of this memorandum, the Government highlights the most relevant facts and other key information from the discovery in the case.

message board discussing her feelings about her sexual identity. Grow knew Minor Victim 1's age and offered a support system for her, which he used to manipulate Minor Victim 1 into having feelings for "Hannah." Exploiting these feelings, Grow convinced Minor Victim 1 to enter into a sexual dominant/submissive relationship, which included forcing Minor Victim 1 to have sex with men and send recordings of those encounters to him. Minor Victim 1 both feared and wanted to please "Hannah." Minor Victim 1 also knew that "Hannah" had numerous sexually explicit images of her and knew where she lived. Minor Victim 1 was hopeless, scared, and trapped. She relented.

Minor Victim 1 lived wither her parents in Myrtle Beach, and Grow would traffic her while her parents were away or were asleep down the hall. In sexually trafficking Minor Victim 1, Grow initially posted images on message boards offering Minor Victim 1 up to adult males for sex in exchange for the adult males actively engaging in the production of videos of the sexual acts, and ensuring those videos were sent to Grow. Among the first customers was co-Defendant Theodore Woolings Bye, III. Bye became infatuated with Minor Victim 1, and he began effectively acting as the middleman for Grow. Although Bye also knew Minor Victim 1's age, he would nonetheless arrange for men to have sex with her in exchange for the men agreeing to engage in the production of sexually explicit videos to be sent to Grow.

Among the encounters arranged by Bye were those with co-Defendants Sanadin Mohamed Elrayes and Charles Joseph Spillane. Each of these men eagerly responded to Bye's solicitation, agreed to actively engage in the production of sexually explicit videos with Minor Victim 1 to be sent to Grow, and in exchange for this agreement they were given the opportunity to have sex with Minor Victim 1. These four Defendants debased, abused, and exploited Minor Victim 1 for the sake of their own sexual pleasure. From this inexperienced child, they stole her first love, her virginity, and her dignity.

II.     **SPILLANE'S OBJECTIONS ARE WITHOUT MERIT.**

In arriving at the applicable Guidelines range, the PSR cross-referenced U.S.S.G. § 2G2.2, which applies if the offense *involves* "transporting, distributing, receiving, possessing, or advertising to receive material involving the sexual exploitation of a minor." Spillane alleges he only aided and abetted the sexual exploitation of Minor Victim 1, and he was told that Minor Victim 1 was 18, and thus this cross reference is not applicable. These contentions are without factual or legal merit for any number of independent reasons.

**First**, whatever the *mens rea* standard may be for aiders and abettors in a vacuum, Spillane was charged with being <u>*both*</u> a principal <u>*and*</u> an aider and abettor to the crime of transferring obscene material. *See* ECF No. 176. He then pled guilty *solely* to being a principal. *See* ECF No. 178 at 1-2; *see also United States v. Scott*, No. CR JFM-09-0581, 2014 WL 12693529, at *1 (D. Md. Feb. 28, 2014) (noting that an ineffective assistance of counsel claim based on issues with an aiding and abetting charge were "entirely academic because [the defendant] pled guilty, not as an aider and abetter but as a principal"). This is because, as Spillane himself admitted in open court, he was a direct cause of the transfer of the obscene material.

The authority relied on by Spillane highlights this proposition. In *United States v. Encarnacion-Ruiz*, the defendant was recorded having sexual intercourse with a minor. 787 F.3d 581, 584 (1st Cir. 2015). Although he voluntarily engaged in the recording, he claimed he did not know the person was a minor. *Id*. at 585. He ultimately pled only to aiding and abetting the production of child pornography. *Id*. The First Circuit held that an aider and abettor must have knowledge of a minor's age in order to be convicted for aiding and abetting the production of child pornography. *Id*. at 591. However, in making this holding, the court noted that the defendant conceded that a principal to the production of child pornography would not be required to know

minor's age. *Id*. However, "[t]he government decided to proceed against [the defendant] as an aider and abettor, even though it arguably would have been justified charging him as a principal." *Id*. Here, the Government did make such an election. It proceeded against Spillane as a principal.

**Second**, Spillane conflates what is required to convict for an offense with what is required to prove a cross reference. For the reasons stated above, regardless of the charge to which Spillane pled, the cross reference is applicable because the facts of the case show by a preponderance of the evidence that Spillane engaged in either the coercion or production of pornography of a person who was a minor. *See United States v. McCauley*, 983 F.3d 690, 696 (4th Cir. 2020) (holding that the production of pornography needs to be a significant purpose of the sexual activity). Further, the law is clear in the Fourth Circuit that for both coercion of a minor and production of child pornography, it is not a defense that a defendant thought a person was 18. *See United States v. Malloy*, 568 F.3d 166, 171–72 (4th Cir. 2009) (citing the U.S. Supreme Court's holding in *United States v. X–Citement Video, Inc.*, 513 U.S. 64, 68 (1994) in ruling that that knowledge of the age of the victim is not required to convict a defendant for production of child pornography, and that the charge does not include an affirmative defense for reasonable mistake of age); *United States v. Banker*, 876 F.3d 530, 540 (4th Cir. 2017) (expressly holding that the Government is not required to prove a defendant knew the victim was a minor to prove coercion).

As the Fourth Circuit has explained in the context of the sexual exploitation of a minor, "[we] reach a holding that aims to protect minors—not make conviction more difficult for crimes that affect them. A defendant .. . .who lures and encourages young children into these activities does so at his own peril, regardless of what the victim says or how she appears. He runs the risk that he is dealing with someone who falls within the purview of" the applicable statute. *Banker*, 876 F.3d at 540 (quoting *United States v. Daniels*, 685 F.3d 1237, 1250 (11th Cir. 2012)).

**Third**, even assuming that knowledge of age was a requirement for proving the cross reference, it would be of no help to Spillane. Although there is evidence in the record that he was told Minor Victim 1 was 18, the Government will be able to present photos to the Court to show what Minor Victim 1 looked like at the time in question, and the Court will see she looks like a child. Further, Spillane never spent a second alone with Minor Victim 1 as Bye was an active participant in their sexual congress, he never asked if she was a willing participant, and he never asked if she was OK. He plotted his fantasies exclusively with Bye. In his messages with Bye, he reveled in the opportunity to do what he pleased with Minor Victim 1 with little regard to her willingness or age.

For the reasons set forth above, the Guidelines range for Spillane is properly calculated. Regardless, the Government would respectfully request that the Court issue a sentence at the statutory maximum of five years and submits that a such a sentence is sufficient but not greater than necessary to achieve the purposes of punishment as set forth in 18 U.S.C. § 3553.

**III.     A SUBSTANTIAL, HIGH-END GUIDELINES SENTENCE IS APPROPRIATE.**

The sentencing statute, 18 U.S.C. § 3553(a), requires the Court to impose a sentence that is "sufficient, but not greater than necessary," to comply with the purposes of sentencing.[2] In order to determine the "particular" sentence to impose, the Court must consider the familiar statutory factors listed in §3553(a)(1)-(7). Two of the statutory factors that the Court must consider are (1) the advisory guidelines range set by the Sentencing Guidelines and (2) the Commission's policy statements are factors to be considered. *See* §3553(a)(4) and (a)(5).  Further, the Advisory

---

[2] Those purposes are the need for the sentence "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." § 3553(a)(2)(A)-(D).

Sentencing Guidelines "should be the starting point and the initial benchmark" in determining the appropriate sentence. *See Gall v. United States*, 522 U.S. 38 (2007). Here, as explained below, the § 3553(a) factors weigh in favor of a sentence that is no less than the high-end of the Guidelines range with lifetime supervision to follow. Here, as explained below, the § 3553(a) factors weigh in favor of a sentence at the statutory maximum of five years.

### A.   Nature of Offense and History and Characteristics of Defendant--§3553(a)(1).

#### i.   Nature of Offense

Spillane's criminal offenses were planned and intentional. In order to have sex with Minor Victim 1, he affirmatively agreed that videos would be produced of his sexual encounter. In fact, on the day he had sex with Minor Victim 1, 49 messages were sent between Minor Victim 1 and Grow, including videos of Spillane and Minor Victim 1 having sex. PSR ¶ 14. As noted above, he took virtually no precautions to ensure she was a willing and of-age participant beyond quick, passing questions. The communications that the Government did uncover show a man far more concerned with having future sex with the girl called "Baby":

**Spillane**:   R u cool with sending me a vid u took of me fucking ur slave girl. I no the code bro the vid stays with me.

**Bye**:   Baby has all those on her snap and I don't think I saved any on my phone. Maybe her girl did but I will ask.

**Spillane**:   Oo that's cool. Is she down to have another meet.

And approximately one week later, when his request went unanswered, Spillane wrote:

**Spillane**:   Wuts up bro its Charlie. Wyd. It (sic) girl looking for some more lol.

**Spillane**:   Let me know. I wanna fuck her reslly (sic) good. I know I was a little to big for her but.

PSR ¶ 36(a).

There may be no crimes worse than sexual abuse of a minor. Here, a few questions by Spillane, or an ounce of empathy, could have ended Minor Victim 1's torment. This type of abuse and manipulation has far-reaching effects on the development of the child that may never be fully understood. "Child sex crimes are among the most egregious and despicable of societal and criminal offenses." *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009) (affirming as reasonable a 100-year sentence for a first offender who sexually abused a 13-year-old girl and took photos of it).

Given Spillane's conduct, it is clear that the nature of the offense justifies a substantial sentence no less than the five-year statutory maximum.

  ii.  <u>History and Characteristics of the Defendant</u>

Although Spillane is a Criminal History Category I, he has served years behind bars and has numerous serious felony convictions for serious drug offenses, unlawfully possessing a weapon, and conspiracy to commit a terroristic threat. PSR ¶¶ 68-78. His disregard for Minor Victim 1's welfare mirrors his disregard for the law in general. While it is true that Spillane may suffer from certain health issues related to a motorcycle accident, he will be able to receive care with the BOP and can seek further care upon his release. There is simply nothing in Spillane's past that mitigates the severity of his offense to the degree that any type of reduced sentence is appropriate.

**B. Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense – §3553(a)(2)(A).**

An adult man engaging in the transmission of illegal sexual videos with a teenage girl is committing a serious crime. A sentence at the statutory maximum of five years is necessary to

reflect its seriousness, to promote respect for the law, and to provide just punishment for this calculated sexual offense.

    **C.**    **Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct – §3553(a)(2)(B).**

Crimes like these are often hatched on the internet and involve children (like the Minor Victims here) who take elaborate steps to avoid detection by their parents and caregivers. These crimes prey on vulnerable victims and can be very difficult to detect. Because detection of these serious crimes is so difficult, severe sentences are necessary to deter them. For that reason, too, this Court should impose a substantial sentence in this case.

    **D.**    **Need for the Sentence Imposed to Protect the Public from Further Crimes of the Defendant – §3553(a)(2)(C).**

Sex crimes against children are among the vilest crimes and this Court should take particular care to protect the public from men who commit them. Although Spillane was not the organizer, he willingly engaged in this behavior after a lifetime of disregarding the law. A serious sentence is necessary to protect the public from his future harms.

    **E.**    **The Need to Avoid Unwarranted Sentence Disparities Among Defendants with Similar Records Who Have Been Found Guilty of Similar Conduct – §3553(a)(6).**

Substantial sentences are routine in cases that involve the exploitation of children, through the offense of conviction or a cross reference. Further, although the Government could have possibly charged Spillane with a substantive production offense, it is also cognizant of the delta between Spillane and defendants like Grow and Bye and thus allowed him to plea to a five-year statutory maximum offense. However, at its core, the facts of this case involve a sexually trafficked child and the demand drives the supply. The statutory maximum five-year sentence certainly provides no disparity when compared with sentences for customers in other cases involving

sexually trafficked children. Thus, a statutory maximum sentence of five years would avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

## IV.     CONCLUSION

As set forth in this memorandum, Spillane's objections are without merit, and, for all the reasons set forth in 18 U.S.C. § 3553(a), this Court should impose a sentence of the statutory maximum term of five years' incarceration.

RESPECTFULLY SUBMITTED,

COREY F. ELLIS
UNITED STATES ATTORNEY

BY:  /s/ *Derek A. Shoemake*
      Derek A. Shoemake (Fed. Id. 10825)
      Assistant U.S. Attorney
      401 West Evans Street, Room 222
      Florence, South Carolina 29501
      (843) 665-6688
      Derek.Shoemake@usdoj.gov

BY:  /s/ *Amy Bower*
      Amy F. Bower (Fed. Id. 11784)
      Assistant U.S. Attorney
      151 Meeting Street, Suite 200
      Charleston, South Carolina 29401
      (843) 727-4381
      Amy.Bower@usdoj.gov

Florence, S.C.
June 14, 2022